UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-20928-CIV-UNGARO/O'SULLIVAN

TEKSYSTEMS, INC.,

              Plaintiff,

vs.

TROY D. MIEDEMA, MICHAEL J. LAWLOR,
and SIGNATURE CONSULTANTS, LLC,

              Defendants.

_____/

## PLAINTIFF TEKSYSTEMS, INC.'S MOTION TO COMPEL AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, TEKsystems, Inc., pursuant to Federal Rule of Civil Procedure 37, respectfully requests entry of an order overruling Defendants' objections to Plaintiff's First Requests for Production and compelling Defendants to produce all responsive documents in their possession, custody or control. The grounds for this motion are set forth below.

### INTRODUCTION AND BACKGROUND

This is an action to enforce confidentiality, non-competition, non-disclosure, and non-solicitation agreements; to prevent unlawful interference with those agreements; and to otherwise prevent unfair competition and misappropriation of Plaintiff's confidential information. Defendants Troy Miedema and Michael Lawlor (collectively, the "Individual Defendants") were formerly employed by Plaintiff TEKsystems, Inc. In its Complaint, Plaintiff alleges that the Individual Defendants were required to sign restrictive covenants as a condition of their employment, and that they breached those covenants in connection with their subsequent employment with Defendant Signature Consultants LLC. Plaintiff also alleges that Defendants have tortiously interfered with its contractual and other advantageous business relationships.

On August 13, 2007, Plaintiff served its First Requests for Production directed to each Defendant. After obtaining extensions of time, Defendants served their responses to Plaintiff's

document requests, by mail, on or about October 10, 2007.  Defendants' responses, however, are deficient in many respects.  For instance, Defendants' responses are replete with unfounded objections, and many of the responses are confusing as written.  Because of the confusing nature of Defendants' responses and the numerous objections asserted by Defendants, Plaintiff was unable to ascertain on the face of the responses precisely what types and categories of documents Defendants were willing to produce.

On November 12, 2007, undersigned counsel advised Defendants, in writing, that their discovery responses appeared to be incomplete and inadequate, and requested that Defendants immediately produce all responsive documents.  Thereafter, in accordance with Federal Rule of Civil Procedure 37(a)(2) and Southern District Local Rule 7.1.A.3, on November 20, 2007, undersigned counsel faxed and mailed a letter to counsel for Defendants, delineating the deficiencies in Defendants' discovery responses, and requesting that Defendants provide complete and adequate responses and produce all responsive documents in their possession, custody or control, on or before November 27, 2007.  A copy of that letter is submitted herewith as Exhibit 1.

Defendants initially requested additional time to respond, and then requested that counsel hold a telephone conference to discuss the disputed issues.  In accordance with Defendants' request, on December 6, 2007, the parties conferred by telephone.  During that telephone conference, Defendants' counsel stated that Defendants would produce a privilege log identifying all documents withheld from production under claim of privilege (if any).[1]  Counsel for Defendants also indicated that, contrary to Plaintiff's perception that Defendants' responses indicated an unwillingness to produce documents in response to several requests on the basis that such documents are not currently in their possession or because Defendants possess incomplete knowledge as to the universe of *all* responsive documents, Defendants would be producing all documents responsive to such requests.

Following the telephone conference of December 6th, Defendant Signature produced 131 pages of documents responsive to Plaintiff's document requests.  The Individual Defendants have produced no documents.  The documents produced by Signature appear to consist solely of copies of the Individual Defendants' personnel files maintained by Signature, and the Individual

---

[1]  Defendants' counsel subsequently advised Plaintiff that they had not in fact withheld any documents from production under claim of privilege.

Defendants' payroll records for a portion of 2007.  Defendants' document production falls far short of the scope of documents requested by Plaintiff, and does not include many categories of documents that Defendants seemingly agreed to produce in their written discovery responses (and subsequent communications between counsel).

**MEMORANDUM OF LAW**

The Federal Rules of Civil Procedure allow liberal discovery for the purposes of narrowing the issues for trial, obtaining evidence for use at trial, and securing information regarding the existence of evidence.  *Berry v. Haynes*, 41 F.R.D. 243, 244 (S.D. Fla. 1966).  Liberal discovery is intended "to make trial 'less a game of blindman's bluff and more a fair contest.'"  *Federal Deposit Ins. Corp. v. Cherry, Bekaert & Holland*, 131 F.R.D. 202, 204 (M.D. Fla. 1990) (*quoting Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978)).  Discovery allows litigants to avoid trying civil cases "in the dark" by providing the means "to obtain the fullest possible knowledge of the issues and facts before trial."  *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).  In the instant case, Defendants asserted a number of unfounded objections and failed to fully and completely respond to Plaintiff's document requests.

A.      **Disputed Issues Concerning Defendants' Responses Generally**

1.      **Defendants' General Objections**

At the outset of their responses, Defendants asserted a number of "general objections," some of which they then adopted by reference in response to certain individual document requests.  These "general objections" violate Local Rule 26.1.G.3(a), which expressly provides that all objections shall be stated with specificity.

Additionally, many of these "general objections" are not supported by the Rules and reflect an improper effort by Defendants to limit their responses as they see fit.  In particular, the following "general objections" are inappropriate under the Rules:[2]

- Defendants' general objections to requests that allegedly "seek documents regarding Plaintiff's claims that are time-barred" (General Objections ¶¶ 4, 5)

---

[2] In their "general objections," Defendants also attempted to define attorney work product to include documents "discovered by Defendant[s] pursuant to an investigation conducted in anticipation of litigation."  General Objections ¶ 3.  Given Defendants' representation that no documents were withheld from production under claim of privilege, Plaintiff assumes that this "general objection" was mere surplusage.

- Defendants' general objection to requests that allegedly "seek proprietary or confidential information" (General Objections ¶ 7)

To the extent that Plaintiff withheld responsive documents from production on the basis of any of these "general objections," such objections are improper, and Defendants must produce all such documents.

## 2. Defendants' Asserted Objections on the Basis of Attorney-Client Privilege and/or Work Product

Defendants objected to several of Plaintiff's document requests on the grounds that the requests seek attorney-client privileged information and/or attorney work product. *See* Miedema's Resp. to Pltf.'s First Req. for Prod. ¶¶ 3, 17, 29-36; Lawlor's Resp. to Pltf.'s First Req. for Prod. ¶¶ 3, 17, 29-36; Signature's Resp. to Pltf.'s First Req. for Prod. ¶¶ 3, 6-7, 11-14, 26-32. Despite the assertion of such privileges, however, Defendants subsequently represented that they did not withhold any documents from production on claim of privilege, and therefore they would not be producing a privilege log. Accordingly, such objections were improperly asserted and must be overruled.

## 3. Defendants' Objections to Certain Requests as "Geographically Overbroad"

The Individual Defendants also objected to certain of Plaintiff's document requests on grounds that the requests are "geographically overbroad." *See* Miedema's Resp. to Pltf.'s First Req. for Prod. ¶¶ 6, 13, 22-24, 27; Lawlor's Resp. to Pltf.'s First Req. for Prod. ¶¶ 6, 13, 22-24, 27. Because the Individual Defendants have failed to produce *any* responsive documents, it appears that their responses to these requests violate Rule 34(b), which provides in part that, when an objection is made to part of a document request, the responding party is nevertheless obligated to produce documents in response to the non-objectionable portions of the request. Thus, Defendants are required to produce all such documents.

## 4. Defendants' Failure to Obtain and Produce All Documents Within Their Control

In response to several of the document requests, the Individual Defendants indicated that they have no responsive documents in their possession or in their "personal possession." *See* Miedema's Resp. to Pltf.'s First Req. to Prod. ¶¶ 1-5, 7-12, 14-21, 25-26; Lawlor's Resp. to Pltf.'s First Req. to Prod. ¶¶ 1-12, 14-21, 25-26. Thus, it appears that Defendants believe they are only obligated to produce those documents that are currently in their possession. This

contention is wrong, however, as Defendants are obligated to produce not only those documents that are currently in their possession, but also all documents that they have the right, authority or ability to obtain.  *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *Comeau v. Rupp*, 810 F. Supp. 1127 (D. Kan. 1992).   Thus, Defendants must obtain and produce all such documents.

**B.      Disputed Issues Concerning Defendants' Responses to Specific Requests**

   **Request No. 1 (All Defendants).**

In this request, Plaintiff sought the following documents:

> All correspondence, notes, memoranda, telephone message slips, e-mails, contracts, proposals, or documents of any type between you [or Signature Consultants] and any company that was a client of TEKsystems at any time [during the final two years of the Individual Defendants' employment with Plaintiff].

Defendants responded as follows:

> *See* General Objections, Nos. 4, 5, and 7.   Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence.   Subject to and without waiving these objections, Defendant states that [he or it] cannot [fully] respond to this Request because Defendant does not have knowledge regarding "any company that was a client of TEKsystems at any time [during the relevant time period]."

The Individual Defendants' response continued:

> Defendant further states that he has no responsive documents in his personal possession [and refers Plaintiff to Defendant Signature Consultants' responses to Plaintiff's First Request for Production].[3]

Defendants' relevance objection is improper, as Defendants' contacts with TEKsystems' clients is a central issue in this case.   Signature's response that it "cannot respond" and the Individual Defendants' response that they "cannot fully respond" because they do not know the identity of TEKsystems' clients is disingenuous at best.   While it may be true that they do not know the identity of all of TEKsystems' clients, that does not relieve them of their obligation to

---

[3] The bracketed language was contained only in Defendant Miedema's response.

produce responsive documents with respect to the entities that they know were clients of TEKsystems during the relevant period.

Additionally, the Individual Defendants both responded that they do not have any responsive documents in their possession (or, in Miedema's case, in his "personal possession"). As discussed above, however, Defendants are obligated to obtain and produce not only those documents in their possession, but also those documents that they have the right, authority or ability to obtain.

In his response, Miedema referred Plaintiff to Signature Consultants' response to this request.  Signature Consultants, however, stated that it could not respond because it has no knowledge regarding TEKsystems' clients.  Defendants cannot avoid producing responsive documents by claiming that such documents are not in the possession of the Individual Defendants (but, presumably, are in the possession of Signature Consultants), and then have Signature Consultants claim it is unable to respond because it does not know the identity of TEKsystems' clients.

This request seeks documents that are clearly relevant to the issues in this case, and Defendants are obligated to produce all responsive documents.

**Request No. 4 (Miedema and Lawlor).**

In this request, Plaintiff requested the following:

> All calendars, diaries, time logs, telephone logs, travel logs, and scheduling tools maintained by you or for you at any time [since the termination of their employment with Plaintiff or during the final two years of their employment with Plaintiff].

Defendants responded as follows:

> *See* General Objections, Nos. 4, 5, and 7.  Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Defendant states that he does not have any responsive documents in his possession related to his employment with Plaintiff.

Defendants' relevance objection is improper, as the requested documents may contain information regarding the identity of TEKsystems' clients with whom Defendants had contact during the relevant time period.

- 6 -

Additionally, Defendants' attempt to narrow the scope of this request is improper. The request is not limited to documents related to Defendants' employment with Plaintiff; rather, it also seeks documents maintained by Defendants at any time since the termination of their employment with Plaintiff. Defendants must produce all responsive documents.

**Requests No. 4 (Signature Consultants) and 5 (Miedema and Lawlor).**

These requests seek the following documents:

> All correspondence, notes, memoranda, telephone message slips, e-mails, contracts, agreements or any other documents by and between you [and/or Signature Consultants] and [the University of Miami or Lydian Data Services].

Defendants objected to these requests:

> *See* General Objections, Nos. 4, 5, and 7. Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence.

The Individual Defendants further responded as follows:

> Subject to and without waiving these objections, Defendant states that he has no responsive documents in his personal possession and refers Plaintiff to Defendant Signature Consultants' responses to Plaintiff's First Request for Production.

Defendants' relevance objection is improper, as Defendants' communications with the two named entities are a central issue in this case.

Once again, the Individual Defendants also stated that they have no responsive documents in their "personal possession," and referred Plaintiff to Signature Consultants' response. And, again, Signature Consultants objected to the request and refused to produce any responsive documents.

These requests seek documents that are directly relevant to the issues in this case, and Defendants must produce all responsive documents.

**Requests No. 5 (Signature Consultants) and 6 (Miedema and Lawlor).**

In these requests, Plaintiff seeks the following:

> All notes, correspondence, memoranda, e-mails or any other documents that relate to, reflect or refer to [Signature Consultants and/or] your pricing strategies, strategies, plans, projections, or efforts to solicit business or otherwise to market or provide

technical or scientific staffing placement services to any company that was a client of TEKsystems at any time [during the final two years of the Individual Defendants' employment with TEKsystems].

Defendants objected to these requests, stating:

> *See* General Objections, Nos. 4, 5, and 7.   Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence *and to the extent it is geographically overbroad based on the scope of the restrictive covenants at issue in this lawsuit*.   Subject to and without waiving these objections, Defendant states that it cannot [fully] respond to this Request because Defendant does not have knowledge regarding "any company that was a client of TEKsystems at any time [during the relevant time period]."[4]

The Individual Defendants further responded as follows:

> Defendant further states that he has no responsive documents in his personal possession and refers Plaintiff to Defendant Signature Consultants' responses to Plaintiff's First Request for Production.

Defendants' relevance objection is improper.   TEKsystems alleges that the Individual Defendants have improperly solicited business from TEKsystems' clients, in violation of the terms of their Employment Agreements.   Thus, documents related to Signature Consultants' business activities may provide evidence that the Individual Defendants are engaged in activities on behalf of Signature Consultants in violation of their agreements with TEKsystems.

Signature's statement that it "cannot respond" and the Individual Defendants' statement that they "cannot fully respond" because they do not know the identity of TEKsystems' clients is disingenuous at best.   While it may be true that they do not know the identity of all of TEKsystems' clients, that does not relieve them of their obligation to produce responsive documents with respect to the entities that they know were clients of TEKsystems during the relevant period.

Additionally, the Individual Defendants both responded that they do not have any responsive documents in their "personal possession."   However, as discussed above, Defendants

---

[4] The italicized language is contained only in the Individual Defendants' responses.

are obligated to obtain and produce not only those documents in their possession, but also those documents that they have the right, authority or ability to obtain.

The Individual Defendants also referred Plaintiff to Signature Consultants' response to this request.  Signature Consultants, however, stated that it could not respond because it has no knowledge regarding TEKsystems' clients.   Defendants cannot avoid producing responsive documents by claiming that such documents are not in the possession of the Individual Defendants (but, presumably, are in the possession of Signature Consultants), and then have Signature Consultants claim it is unable to respond because it does not know the identity of TEKsystems' clients.

Defendants' responses to these requests also violate Rule 34(b), which provides in part that, when an objection is made to part of a document request, the responding party is nevertheless obligated to produce documents in response to the non-objectionable portions of the request.  This request seeks documents that are clearly relevant to the issues in this case, and Defendants are obligated to produce all responsive documents.

**Request No. 10 (Miedema and Lawlor).**

This request seeks the following documents:

> All cellular telephone bills for any cellular telephone utilized by you from [August 1, 2005 or September 1, 2005] to the present.

Defendants responded as follows:

> Defendant objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Defendant states that there are no documents responsive to this Request in his possession.

Defendants' objection is improper, as the request is reasonably calculated to lead to the discovery of admissible evidence concerning Defendants' contacts with TEKsystems' clients, which is indisputably an issue in this case.  Accordingly, Defendants must obtain and produce all responsive documents.

**Request No. 11 (Miedema and Lawlor).**

In this request, Plaintiff seeks the following documents:

> All floppy diskettes, DVDs, CD-ROMs or similar items created by you [during the period of approximately the final six months of their employment with Plaintiff] for any business purpose.

Defendants responded as follows:

> Defendant objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states that there are no documents responsive to this Request in his possession.

Defendants' objection is improper, as this request is reasonably calculated to lead to the discovery of admissible evidence concerning, among other things, Defendants' contacts with TEKsystems' clients. Therefore, Defendants must obtain and produce all responsive documents.

**Request No. 12 (Miedema and Lawlor).**

This request asks for:

> All documents that evidence, refer to or contain information about the strategies, plans, projects, or efforts by you, or anyone acting on your behalf, to recruit or hire any current or former employees of TEKsystems to work for Signature Consultants.

Defendants responded as follows:

> Defendant objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states that there are no documents responsive to this Request in his possession.

Defendants' objection is improper. One of the claims asserted by TEKsystems in this case is that Signature Consultants has tortiously interfered with TEKsystems' advantageous business relationships with its employees. Accordingly, Defendants' efforts to recruit or hire TEKsystems' employees is directly relevant to the issues in this case, and Defendants must obtain and produce all responsive documents.

**Requests No. 9 (Signature Consultants) and 13 (Miedema and Lawlor).**

In these requests, Plaintiff seeks the following documents:

> All candidate databases currently maintained by [Signature Consultants].

Defendants objected to these requests, stating:

> *See* General Objections, Nos. 4, 5, and 7.   Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence.

The Individuals Defendants further responded as follows:

> [Defendant further objects to this Request] to the extent it is geographically overbroad based on the scope of the restrictive covenants at issue in this lawsuit.   Subject to and without waiving these objections, Defendant states that it cannot fully respond to this Request because Defendant does not have knowledge regarding "all candidate databases currently maintained by Signature Consultants."

Defendants' objection is improper.   This request is reasonably calculated to lead to the discovery of admissible evidence concerning the Individual Defendants' disclosure to Signature of the identity of TEKsystems' candidates, in violation of their Employment Agreements.

The Individual Defendants' statement that they "cannot fully respond" because they do not have knowledge regarding all of Signature Consultants' databases is disingenuous.   While it may be true that the Individual Defendants do not have knowledge of all of Signature Consultants' databases, that does not relieve them of their obligation to respond as to those databases of which it is aware.   Moreover, the allegedly limited nature of the Individual Defendants' knowledge does not prevent Signature Consultants from fully and completely responding to this request.

Defendants' responses to these requests also violate Rule 34(b), which provides in part that, when an objection is made to part of a document request, the responding party is nevertheless obligated to produce documents in response to the non-objectionable portions of the request.   Defendants must produce all responsive documents.

### Requests No. 10 (Signature Consultants) and 14 (Miedema and Lawlor).

These requests state as follows:

> All documents relating to or reflecting the identity of TEKsystems' clients, including but not limited to internal employee contacts, client service agreements, consultant agreements, Road Books, AMS reports, bill rate information, burden sheets, TeamTrak information, Hot Books, submittal logs and telephone interview sheets.

The Individual Defendants responded as follows:

> Defendant states that there are no documents responsive to this Request in his possession.

Signature Consultants objected and responded as follows:

> *See* General Objections, Nos. 4, 5, and 7.  Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence.  Defendant furthermore objects to this Request to the extent the terms "Road Books", "AMS reports", "burden sheets", "TeamTrak information", "Hot Books", and "Submittal Logs" are vague and ambiguous.  Subject to and without waiving these objections, Defendant states that it cannot respond to this Request because Defendant does not have knowledge regarding "the identity of TEKsystems' clients".

Defendants' objections to these requests are improper.  One of the central issues in this case is Defendants' contacting TEKsystems' clients, in violation of the subject restrictive covenants.  Thus, documents reflecting the identity of such clients are clearly relevant.

Signature Consultants' claim that it cannot respond because it does not have knowledge of TEKsystems' clients also is inappropriate.  Defendants cannot avoid producing responsive documents by claiming that such documents are not in the possession of the Individual Defendants (but, presumably, are in the possession of Signature Consultants), and then have Signature Consultants claim it is unable to respond because it does not know the identity of TEKsystems' clients.  This request seeks documents that are clearly relevant to the issues in this case, and Defendants are obligated to obtain and produce all responsive documents.

### Requests No. 18 and 19 (Signature Consultants).

These requests seek the following:

> All documents relating to or reflecting [the Individual Defendants'] compensation as an employee of Signature Consultants, including but not limited to any compensation plans, commission plan, structure or arrangement, incentive programs, profit sharing plans, and bonus plans.

In response, Defendant stated as follows:

> *See* General Objections, Nos. 4, 5, and 7.  Subject to and without waiving these objections, Defendant will produce [the Individual Defendants'] payroll records at a mutually agreeable date and time.

As its response indicates, Defendant attempted to narrow the scope of this request for some unspecified reason, and only produced payroll records, and only for the period from January 2007 through September 2007. Defendant did not produce payroll records for 2005 or 2006, or any other documents related to or reflecting the Individual Defendants' compensation. Defendant must produce all responsive documents.

### Requests No. 20 (Signature Consultants) and 22 (Miedema and Lawlor).

These requests ask for the following documents:

> All documents relating to, or reflecting any communications with, any individual who was a contract employee of TEKsystems at any time [during the final two years of the Individual Defendants' employment with TEKsystems].

Defendants objected and responded as follows:

> *See* General Objections, Nos. 4, 5, and 7. Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence *and to the extent it is geographically overbroad based on the scope of the restrictive covenants at issue in this lawsuit.* Subject to and without waiving these objections, Defendant states that *it cannot fully respond to this Request because* Defendant does not have knowledge regarding "any individual who was a contract employee of TEKsystems at any time [during the relevant time period]."[5]

Defendants' relevance objection is improper. This request is reasonably calculated to lead to the discovery of admissible evidence concerning the Individual Defendants' disclosure to Signature of the identity of TEKsystems' candidates, in violation of their Employment Agreements.

Defendants' responses to these requests also violate Rule 34(b), which provides in part that, when an objection is made to part of a document request, the responding party is nevertheless obligated to produce documents in response to the non-objectionable portions of the request.

Defendants also stated that they do not have knowledge regarding any individual who was a contract employee of TEKsystems during the relevant time period. This response is disingenuous at best. While it may be true that Defendants do not know the identity of all of

---

[5] The italicized language is contained only in the responses of the Individual Defendants.

TEKsystems' contract employees, that does not relieve them of their obligation to respond within the scope of their knowledge.

**Request No. 23 (Miedema and Lawlor).**

This request seeks:

> All documents relating to or reflecting any plans, strategies, projections, or efforts to solicit business that you have prepared at any time since you became employed by Signature Consultants.

Defendants objected, stating as follows:

> *See* General Objections, Nos. 4, 5, and 7.   Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence and to the extent it is geographically overbroad based on the scope of the restrictive covenants at issue in this lawsuit.

Defendants' relevance objection is improper, as the request is reasonably calculated to lead to the discovery of admissible evidence concerning Defendants' efforts to solicit business from TEKsystems' clients, in violation of the restrictive covenants.   Defendants' responses to these requests also violate Rule 34(b), which provides in part that, when an objection is made to part of a document request, the responding party is nevertheless obligated to produce documents in response to the non-objectionable portions of the request.   Defendants must produce all responsive documents.

**Request No. 24 (Miedema and Lawlor).**

In this request, Plaintiff asks for:

> All lists of clients or contract employees that you have prepared at any time since you became employed by Signature Consultants.

Defendants objected and responded as follows:

> *See* General Objections, Nos. 4, 5, and 7.   Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence and to the extent it is geographically overbroad based on the scope of the restrictive covenants at issue in this lawsuit.

Defendants' relevance objection is improper, as the request is reasonably calculated to lead to the discovery of admissible evidence concerning Defendants' possible violation of their

restrictive covenants. Defendants' responses to these requests also violate Rule 34(b), which provides in part that, when an objection is made to part of a document request, the responding party is nevertheless obligated to produce documents in response to the non-objectionable portions of the request. Thus, all responsive documents must be produced.

### Requests No. 21 (Signature Consultants) and 25 (Miedema and Lawlor).

These requests seek the following documents:

> All documents relating to or reflecting any communication between [Defendant] and any present or former employee of TEKsystems at any time [since you became an employee of Signature Consultants].

Lawlor responded as follows:

> Defendant states that there are no documents responsive to this Request in his possession.

Signature Consultants and Miedema objected to this request, stating:

> *See* General Objections, Nos. 4, 5, and 7. Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence.

Signature Consultants further responded as follows:

> Subject to and without waiving these objections, Defendant states that Defendant does not have knowledge regarding "any present or former employee of TEKsystems at any time."

Miedema further responded as follows:

> Subject to and without waiving these objections, Defendant states that there are no documents responsive to this Request in his possession other than personal emails between Defendant and his friends that work at TEKsystems, but which have nothing to do with this action.

The relevance objection asserted by Signature Consultants and Miedema is improper. Among the claims asserted by TEKsystems in this case is that Signature Consultants has tortiously interfered with TEKsystems' advantageous business relationships with its employees. Accordingly, Defendants' communications with TEKsystems' employees is directly relevant to the issues in this case, and Defendants must produce all responsive documents.

Miedema's attempt to narrow the scope of the request is improper; he must obtain and produce *all* responsive documents, regardless of whether he believes they have any potential relevance.

Lawlor did not object to this request, but stated that he has no responsive documents in his possession.  As discussed above, however, he must produce not only those documents in his possession, but also all documents that he has the right, ability or authority to obtain.  Thus, he must obtain and produce all responsive documents.

### Request No. 26 (Miedema and Lawlor).

In this request, Plaintiff asks for:

> All documents relating to or reflecting any presentation concerning Signature Consultants' products and/or services that you have made to any clients or potential clients for the purpose of recruiting, employing, or providing the services of technical services personnel at any time since you became employed by Signature Consultants.

Defendants objected and responded as follows:

> Defendant objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Defendant states that there are no documents responsive to this Request in his possession.

Defendants' objection is improper, as the request is reasonably calculated to lead to the discovery of admissible evidence concerning Defendants' breach of their restrictive covenants.  As such, Defendants must obtain and produce all responsive documents.

### Request No. 27 (Miedema and Lawlor).

This request asks for:

> All documents, including but not limited to notes, correspondence, e-mail, stored computer data, records of telephone conversations or personal visits, and any contact database maintained by anyone, relating to or reflecting the identity of any person or entity with whom/which you have communicated at any time on behalf of Signature Consultants for the purpose of selling or attempting to sell Signature Consultants products and/or services.

Defendants objected to this request, stating as follows:

> *See* General Objections, Nos. 4, 5, and 7. Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence and to the extent it is geographically overbroad based on the scope of the restrictive covenants at issue in this lawsuit.

Defendants' objections are improper and should be overruled. The request is reasonably calculated to lead to the discovery of admissible evidence concerning Defendants' breaches of their restrictive covenants. Therefore, all responsive documents must be produced.

Defendants' responses to these requests also violate Rule 34(b), which provides in part that, when an objection is made to part of a document request, the responding party is nevertheless obligated to produce documents in response to the non-objectionable portions of the request.

### Request No. 23 (Signature Consultants).

In this request, Plaintiff seeks the following documents:

> All documents relating to or reflecting the scope of the services and/or products that Signature Consultants provides.

Defendant objected as follows:

> *See* General Objections, Nos. 4, 5, and 7. Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence.

Defendant's relevance objection is improper. TEKsystems alleges that the Individual Defendants have engaged in business activities on behalf of Signature Consultants that violate the terms of their Employment Agreements. Thus, the scope of the services and/or products that Signature Consultants provides is relevant to Plaintiff's claims, and Defendants must produce all responsive documents.

### Request No. 24 (Signature Consultants).

This request states as follows:

> All documents reflecting the revenues derived from the services and/or products that Signature Consultants provides.

Defendant objected, stating as follows:

> *See* General Objections, Nos. 4, 5, and 7. Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence.

Defendant's objection is improper, as the request is reasonably calculated to lead to discovery of admissible evidence concerning TEKsystems' allegation that Defendants have realized earnings from using TEKsystems' confidential information and trade secrets. Therefore, responsive documents must be produced.

### Request No. 25 (Signature Consultants).

In this request, Plaintiff asked for:

> All documents relating to or reflecting the rates that Signature Consultants charges its clients for the services and/or products that it provides, and the methods and processes by which Signature Consultants determines those rates.

Defendant responded as follows:

> *See* General Objections, Nos. 4, 5, and 7. Defendant further objects to this Request on the grounds that it is not reasonably calculated to elicit relevant information or lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states that Defendant does not have a set rate for its clients and does not have an established method or process by which Defendant determines those rates.

Defendant's objection is improper. The request is reasonably calculated to lead to the discovery of admissible evidence regarding Defendants' misappropriation of TEKsystems' confidential information. Accordingly, Defendant must produce responsive documents.


### CONCLUSION

As demonstrated above, Defendants have failed to comply with the applicable Rules governing discovery. Accordingly, an order compelling Defendants to provide complete and adequate responses to Plaintiff's First Requests for Production is appropriate.

WHEREFORE, Plaintiff respectfully requests entry of an order:

(1)     overruling Defendants' "general objections" and requiring them to comply with the applicable discovery rules including, in particular, requiring Defendants to produce all responsive documents in their possession, custody or control, within ten days;

(2)     overruling Defendants' objections on the basis of the attorney-client privilege and/or attorney work product;

(3)     compelling Defendant Troy Miedema to produce all documents in his possession, custody or control that are responsive to Plaintiff's Document Requests No. 1, 4, 5, 6, 10, 11, 12, 13, 14, 22, 23, 24, 25, 26 and 27, within ten days;

(4)     compelling Defendant Michael Lawlor to produce all documents in his possession, custody or control that are responsive to Plaintiff's Document Requests No. 1, 4, 5, 6, 10, 11, 12, 13, 14, 22, 23, 24, 25, 26 and 27, within ten days;

(5)     compelling Defendant Signature Consultants to produce all documents in its possession, custody or control that are responsive to Plaintiff's Document Requests No. 1, 4, 5, 9, 10, 18, 19, 20, 21, 23, 24 and 25, within ten days; and

(6)     granting such other relief as the Court deems appropriate.

Respectfully submitted,

*s/ Gaye L. Huxoll*
Courtney B. Wilson
Florida Bar No. 614580
Email: cwilson@littler.com
Gaye L. Huxoll
Florida Bar No 149497
Email: ghuxoll@littler.com
LITTLER MENDELSON, P.C.
*Counsel for Plaintiff*
One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida  33131-1804
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 7.1, I hereby certify that, prior to filing this motion, I conferred with counsel for Defendants in a good-faith effort to resolve by agreement the issues raised in this motion, but the parties were unable to resolve this matter.

*s/ Gaye L. Huxoll*
Gaye L. Huxoll

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this 7th day of January, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Gaye L. Huxoll*
Gaye L. Huxoll

**SERVICE LIST**
**TEKsystems, Inc. v. Troy D. Miedema, et al.**
**Case No. 07-20928-Civ-Ungaro/O'Sullivan**
**U.S. District Court, Southern District of Florida**

Courtney B. Wilson, Esq.
E-mail: cwilson@littler.com
Gaye L. Huxoll, Esq.
E-mail: ghuxoll@littler.com
LITTLER MENDELSON, P.C.
*Counsel for Plaintiff*
2 S. Biscayne Boulevard
One Biscayne Tower, Suite 1500
Miami, Florida 33131-1804
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552
*(Served via transmission of Notices of*
*Electronic Filing generated by CM/ECF)*

Jenna Rassif, Esq.
E-mail: jenna.rassif@akerman.com
Jennifer Taylor Williams, Esq.
E-mail: jennifer.williams@akerman.com
AKERMAN SENTERFITT
*Counsel for Defendants*
1 S.E. 3rd Avenue, 28th Floor
Miami, Florida 33131-1714
Telephone: (305) 374-5600
Facsimile:  (305) 374-5095
*(Served via transmission of Notices of*
*Electronic Filing generated by CM/ECF)*

Firmwide:83957005.1 045444.2027