# LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

November 20, 2007

Gaye L. Huxoll
Direct: 305-400-7570
ghuxoll@littler.com

**VIA MAIL AND FACSIMILE (305.374.5095)**

Jennifer Taylor Williams, Esq.
Akerman Senterfitt
1 S.E. 3rd Avenue, 28th Floor
Miami, Florida 33131-1714

Re: *TEKsystems, Inc. v. Miedema, et al.*

Dear Jennifer:

We have received Defendants' Responses to Plaintiff's First Requests for Production and Defendants' Responses to Plaintiff's First Requests for Admissions (collectively, "Defendants' Responses"). Defendants' Responses are deficient in a number of respects. We write in an effort to resolve this matter without the necessity of court action.

The inadequacies of Defendants' Responses include but are not limited to the following:

### Defendants' General Objections

Defendants' "general objections" are improper. Local Rule 26.1.G.3(a) expressly provides that all objections shall be stated with specificity. Moreover, Defendants' effort to limit their responses as they see fit is improper. In particular, the following "general objections" are inappropriate under the Rules:

- Defendants' attempt to define attorney work product to include documents "discovered by Defendant[s] pursuant to an investigation conducted in anticipation of litigation"

- Defendants' general objection to requests that allegedly "seek documents regarding Plaintiff's claims that are time-barred"

- Defendants' general objection to requests that allegedly "seek proprietary or confidential information"

To the extent that Plaintiff intends to withhold responsive documents from production on the basis of any of these "general objections," such objections are improper, and Defendants must produce all such documents.

Jennifer Taylor Williams, Esq.
November 20, 2007
Page 2

### Defendants' Responses to Requests for Admissions

**Requests No. 4 and 5.** Defendants denied these requests "as written," stating that the requests do not contain "a true and correct recitation" of Defendants' Employment Agreements. Defendants' responses do not comply with the requirement of Rule 36 that a party specify those portions of the requests that are true and those portions that are denied. Please provide responses that comply with Rule 36.

### Defendants' Responses to Document Requests

Defendants objected to several of Plaintiff's document requests on the grounds that the requests seek attorney work product. To the extent that Defendants intend to withhold from production any responsive documents based on the assertion of a privilege, please provide a privilege log forthwith.

Defendants also objected to certain of Plaintiff's document requests on grounds that the requests are "geographically overbroad." Because Defendants thus far have refused to produce *any* responsive documents, Plaintiff is unable to ascertain whether Defendants intend to produce any documents in response to these requests. As you should know, pursuant to Rule 34(b), when an objection is made to part of a document request, the responding party is nevertheless obligated to produce documents in response to the non-objectionable portions of the request. If Defendants do not intend to produce any documents in response to these requests, Plaintiff is entitled to know that so we can determine whether to seek a ruling from the Court on Defendants' objections. Accordingly, please clarify whether Defendants intend to withhold from production *all* documents responsive to a particular request on the grounds that the request is overly broad in geographic scope.

Additionally, in response to several of the document requests, Defendants indicated that they have no responsive documents in their possession or in their "personal possession." Thus, it appears that Defendants believe they are only obligated to produce those documents that are currently in their possession. This contention is wrong, however, as Defendants are obligated to produce not only those documents that are currently in their possession, but also all documents that they have the right, authority or ability to obtain. *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *Comeau v. Rupp*, 810 F. Supp. 1127 (D. Kan. 1992). Thus, to the extent that Defendants do not intend to obtain and produce responsive documents that they have the right, authority or ability to obtain, they must do so.

Given Defendants' failure to produce *any* responsive documents, it is extremely difficult – if not impossible – to glean what documents Defendants have agreed to produce. As this stage

Jennifer Taylor Williams, Esq.
November 20, 2007
Page 3

of the discovery process, however, we believe that, at a minimum, Defendants' responses to the following document requests are deficient for the stated reasons:

**Request No. 1 (All Defendants).** This request seeks documents reflecting or relating to correspondence between Defendants and any company that was a client of TEKsystems during the final two years of Miedema's or Lawlor's employment with Plaintiff. Defendants objected on relevance grounds. This objection is improper, however, as Defendants' contacts with TEKsystems' client is a central issue in this case. Miedema and Lawlor also stated that they "cannot fully respond" because they do not know the identity of TEKsystems' clients. This response is disingenuous at best. While it may be true that they do not know the identity of all of TEKsystems' clients, that does not relieve them of their obligation to produce responsive documents with respect to the entities that they know were clients of TEKsystems during the relevant period. Additionally, Miedema and Lawlor both responded that they do not have any responsive documents in their possession (or, in Miedema's case, in his "personal possession"). As noted above, however, Defendants are obligated to obtain and produce not only those documents in their possession, but also those documents that they have the right, authority or ability to obtain. In his response, Miedema referred Plaintiff to Signature Consultants' response to this request. Signature Consultants, however, stated that it could not respond because it has no knowledge regarding TEKsystems' clients. Defendants cannot avoid producing responsive documents by claiming that such documents are not in the possession of the Individual Defendants (but, presumably, are in the possession of Signature Consultants), and then have Signature Consultants claim it is unable to respond because it does not know the identity of TEKsystems' clients. This request seeks documents that are clearly relevant to the issues in this case, and Defendants are obligated to produce all responsive documents.

**Request No. 2 (All Defendants).** This request seeks documents referring to, relating to, or reflecting the formation, purpose and/or business activities of Signature Consultants during the period that it has employed Lawlor and/or Miedema. Defendants objected to this request on relevance grounds. This objection is improper. As you know, TEKsystems alleges that the Individual Defendants have engaged in business activities on behalf of Signature Consultants that violate the terms of their Employment Agreements. Thus, the nature of the business activities engaged in by Signature Consultants is relevant to Plaintiff's claims. Miedema and Lawlor also referred Plaintiff to Signature Consultants' response to this request. Signature Consultants, however, objected to the request and apparently does not intend to produce any responsive documents. This request seeks documents that are clearly relevant to the issues in this case, and Defendants are obligated to produce all responsive documents.

**Request No. 4 (Miedema and Lawlor).** This request seeks all calendars, time logs, telephone logs and similar documents maintained by the Individual Defendants at any time

since the termination of their employment with Plaintiff or during the final two years of their employment with Plaintiff. Defendants objected to this request on relevance grounds. This objection is improper, however, as the requested documents may contain information regarding the identity of TEKsystems' clients with whom Defendants had contact during the relevant time period. Defendants also stated that they do not have any responsive documents in their possession related to their employment with Plaintiff. Defendants' attempt to narrow the scope of this request is improper. The request is not limited to documents related to Defendants' employment with Plaintiff; rather, it also seeks documents maintained by Defendants at any time since the termination of their employment with Plaintiff. Defendants must produce all responsive documents.

**Requests No. 4 (Signature Consultants) and 5 (Miedema and Lawlor).** These requests seek documents reflecting correspondence between Defendants and the University of Miami and/or Lydian Data Services. Defendants objected to these requests on grounds of relevance. This objection is improper, however, as Defendants' communications with these two entities are a central issue in this case. Once again, Miedema and Lawlor stated that they have no responsive documents in their "personal possession," and referred Plaintiff to Signature Consultants' response. And, again, Signature Consultants objected to the request and refused to produce any responsive documents. These requests seek documents that are directly relevant to the issues in this case, and Defendants must produce all responsive documents.

**Requests No. 5 (Signature Consultants) and 6 (Miedema and Lawlor).** These requests seek documents relating to Defendants' efforts to solicit business from any company that was a client of TEKsystems during the final two years of Miedema's or Lawlor's employment with TEKsystems. Defendants objected to these requests on relevance grounds. This objection is improper. As you know, TEKsystems alleges that Miedema and Lawlor have improperly solicited business from TEKsystems' clients, in violation of the terms of their Employment Agreements. Thus, documents related to Signature Consultants' business activities may provide evidence that the Individual Defendants are engaged in activities on behalf of Signature Consultants in violation of their agreements with TEKsystems. Miedema and Lawlor also stated that they "cannot fully respond" because they do not know the identity of TEKsystems' clients. This response is disingenuous at best. While it may be true that they do not know the identity of all of TEKsystems' clients, that does not relieve them of their obligation to produce responsive documents with respect to the entities that they know were clients of TEKsystems during the relevant period. Additionally, Miedema and Lawlor both responded that they do not have any responsive documents in their "personal possession." However, as discussed above, Defendants are obligated to obtain and produce not only those documents in their possession, but also those documents that they have the right, authority or ability to obtain. Miedema and Lawlor also referred Plaintiff to Signature Consultants' response to this request. Signature Consultants, however, stated that it could not respond because it has no knowledge regarding TEKsystems' clients. Defendants cannot

Jennifer Taylor Williams, Esq.
November 20, 2007
Page 5

avoid producing responsive documents by claiming that such documents are not in the possession of the Individual Defendants (but, presumably, are in the possession of Signature Consultants), and then have Signature Consultants claim it is unable to respond because it does not know the identity of TEKsystems' clients. This request seeks documents that are clearly relevant to the issues in this case, and Defendants are obligated to produce all responsive documents.

**Request No. 10 (Miedema and Lawlor).** This request seeks Defendants' cellular telephone bills for the period beginning approximately three months prior to the termination of their employment with Plaintiff through the present. Defendants objected on relevance grounds. This objection is improper, as the request is reasonably calculated to lead to the discovery of admissible evidence concerning Defendants' contacts with TEKsystems' clients, which is indisputably an issue in this case. Accordingly, all responsive documents must be produced.

**Request No. 11 (Miedema and Lawlor).** This request seeks all floppy diskettes, DVDs, CD-ROMs and similar items created by Defendants for any business purpose during the period of approximately the final six months of their employment with Plaintiff. Defendants objected on relevance grounds. Defendants' objection is improper, as this request is reasonably calculated to lead to the discovery of admissible evidence concerning, among other things, Defendants' contacts with TEKsystems' clients. Therefore, Defendants must produce all responsive documents.

**Requests No. 8 (Signature Consultants) and 12 (Miedema and Lawlor).** These requests seek all documents evidencing or containing information about Defendants' plans or efforts to recruit or hire any current or former employees of TEKsystems to work for Signature Consultants. Defendants objected to this request on relevance grounds. This objection is improper. As you know, one of the claims asserted by TEKsystems in this case is that Signature Consultants has tortiously interfered with TEKsystems' advantageous business relationships with its employees. Accordingly, Defendants' efforts to recruit or hire TEKsystems' employees is directly relevant to the issues in this case, and Defendants must produce all responsive documents.

**Requests No. 9 (Signature Consultants) and 13 (Miedema and Lawlor).** These requests seek all candidate databases currently maintained by Signature Consultants. Defendants objected to these requests on relevance grounds. This objection is improper. This request is reasonably calculated to lead to the discovery of admissible evidence concerning the Individual Defendants' disclosure to Signature of the identity of TEKsystems' candidates, in violation of their Employment Agreements. Miedema and Lawlor also stated that they "cannot fully respond" because they do not have knowledge regarding all of Signature Consultants' databases. This response is disingenuous. While it may be true that the Individual Defendants do not have knowledge of all of Signature Consultants' databases, that

Jennifer Taylor Williams, Esq.
November 20, 2007
Page 6

does not relieve them of their obligation to respond as to those databases of which it is aware. Moreover, the allegedly limited nature of the Individual Defendants' knowledge does not prevent Signature Consultants from fully and completely responding to this request. Defendants must produce all responsive documents.

**Requests No. 10 (Signature Consultants) and 14 (Miedema and Lawlor).** These requests seek documents, including but not limited to certain specifically identified documents, that relate to or reflect the identity of TEKsystems' clients. Miedema and Lawlor stated that they have no responsive documents in their possession. As discussed above, however, Defendants are obligated to produce not only those documents in their possession but also those documents that they have the right, authority or ability to obtain. Accordingly, they must produce all responsive documents. Signature Consultants objected to this request on grounds of relevance, and on the grounds that the names of certain of the specified documents are vague and ambiguous. These objections are improper. One of the central issues in this case is Defendants' contacting TEKsystems' clients, in violation of the subject restrictive covenants. Thus, documents reflecting the identity of such clients are clearly relevant. Signature Consultants also stated that it cannot respond because it does not have knowledge of TEKsystems' clients. Defendants cannot avoid producing responsive documents by claiming that such documents are not in the possession of the Individual Defendants (but, presumably, are in the possession of Signature Consultants), and then have Signature Consultants claim it is unable to respond because it does not know the identity of TEKsystems' clients. This request seeks documents that are clearly relevant to the issues in this case, and Defendants are obligated to produce all responsive documents.

**Requests No. 11 and 12 (Signature Consultants) and 15 (Miedema and Lawlor).** These requests seek documents relating to or reflecting communications between Signature Consultants, on the one hand, and either of the Individual Defendants, on the other, prior to the Individual Defendants' becoming employed with Signature. Miedema and Lawlor responded that they do not have any responsive documents in their possession. Signature Consultants responded that no such documents exist. These responses seem to be at odds; it appears that the Individual Defendants acknowledged that such documents exist, and claim only that the documents are not currently in their possession. Of course, to the extent such documents do exist, Defendants are obligated to obtain and produce them.

**Requests No. 18 and 19 (Signature Consultants).** These requests seek all documents relating to or reflecting the Individual Defendants' compensation as employees of Signature Consultants, including compensation plans, bonus plans, profit sharing plans, and similar documents. Defendant responded that it would produce the Individual Defendants' payroll records. It is not clear from Defendant's response whether the payroll records are the only responsive documents that exist, or whether Defendant has chosen to narrow its response to this request for some unspecified reason. Please clarify.

Case 1:07-cv-20928-UU   Document 27-1   Entered on FLSD Docket 01/07/2008   Page 7 of 9

Jennifer Taylor Williams, Esq.
November 20, 2007
Page 7

**Requests No. 20 (Signature Consultants) and 22 (Miedema and Lawlor).** These requests seek all documents relating to or reflecting any communication with any individual who was a contract employee of TEKsystems during the final two years of the Individual Defendants' employment with TEKsystems. Defendants objected to these requests on relevance grounds. This objection is improper. This request is reasonably calculated to lead to the discovery of admissible evidence concerning the Individual Defendants' disclosure to Signature of the identity of TEKsystems' candidates, in violation of their Employment Agreements. Defendants also stated that they do not have knowledge regarding any individual who was a contract employee of TEKsystems during the relevant time period. This response is disingenuous at best. While it may be true that Defendants do not know the identity of all of TEKsystems' contract employees, that does not relieve them of their obligation to respond within the scope of their knowledge.

**Request No. 23 (Miedema and Lawlor).** This request seeks all documents relating to or reflecting Defendants' efforts to solicit business that they have prepared since they became employed by Signature Consultants. Defendants objected on relevance grounds. This objection is improper, as it is reasonably calculated to lead to the discovery of admissible evidence concerning Defendants' efforts to solicit business from TEKsystems' clients, in violation of the restrictive covenants. Accordingly, Defendants must produce all responsive documents.

**Request No. 24 (Miedema and Lawlor).** This request seeks all lists of clients or contract employees that Defendants have prepared since they became employed by Signature Consultants. Defendants objected on relevance grounds. This objection is improper, as the request is reasonably calculated to lead to the discovery of admissible evidence concerning Defendants' possible violation of their restrictive covenants. Thus, all responsive documents must be produced.

**Requests No. 21 (Signature Consultants) and 25 (Miedema and Lawlor).** These requests seek all documents relating to or reflecting any communication between Defendants and any present or former employee of TEKsystems. Signature Consultants and Miedema objected on relevance grounds. This objection is improper. As you know, one of the claims asserted by TEKsystems in this case is that Signature Consultants has tortiously interfered with TEKsystems' advantageous business relationships with its employees. Accordingly, Defendants' communications with TEKsystems' employees is directly relevant to the issues in this case, and Defendants must produce all responsive documents. Lawlor did not object to this request, but stated that he has no responsive documents in his possession. As discussed above, however, he must produce not only those documents in his possession, but also all documents that he has the right, ability or authority to obtain. Thus, he must obtain and produce all responsive documents.

Jennifer Taylor Williams, Esq.
November 20, 2007
Page 8

**Request No. 26 (Miedema and Lawlor).** This request seeks all documents relating to or reflecting any presentation concerning Signature Consultants' products and/or services that Defendants have made to any clients or potential clients since they became employed by Signature Consultants. Defendants objected to this request on relevance grounds. This objection is improper, however, as the request is reasonably calculated to lead to the discovery of admissible evidence concerning Defendants' breach of their restrictive covenants. As such, Defendants must produce all responsive documents.

**Request No. 27 (Miedema and Lawlor).** This request seeks all documents relating to or reflecting the identity of any person or entity with whom/which Defendants have communicated at any time on behalf of Signature Consultants for the purpose of soliciting business on behalf of Signature. Defendants objected on grounds of relevance. This objection is improper. The request is reasonably calculated to lead to the discovery of admissible evidence concerning Defendants' breaches of their restrictive covenants. Therefore, all responsive documents must be produced.

**Request No. 23 (Signature Consultants).** This request seeks all documents relating to or reflecting the scope of services and/or products that Signature Consultants provides. Defendant objected to this request on relevance grounds. This objection is improper. As you know, TEKsystems alleges that the Individual Defendants have engaged in business activities on behalf of Signature Consultants that violate the terms of their Employment Agreements. Thus, the scope of the services and/or products that Signature Consultants provides is relevant to Plaintiff's claims, and Defendants must produce all responsive documents.

**Request No. 24 (Signature Consultants).** This request seeks all documents reflecting the revenues derived from the services and/or products that Signature Consultants provides. Defendant objected to this request on relevance grounds. This objection is improper, as the request is reasonably calculated to lead to discovery of admissible evidence concerning TEKsystems' allegation that Defendants have realized earnings from using TEKsystems' confidential information and trade secrets. Therefore, responsive documents must be produced.

**Request No. 25 (Signature Consultants).** This request seeks all documents relating to or reflecting the rates that Signature Consultants charges its clients for the services and/or products that it provides, and the methods and processes by which it determines those rates. Defendant objected to this request on relevance grounds. This objection is improper. The request is reasonably calculated to lead to the discovery of admissible evidence regarding Defendants' misappropriation of TEKsystems' confidential information. Accordingly, Defendant must produce responsive documents.

Jennifer Taylor Williams, Esq.
November 20, 2007
Page 9


Please immediately provide complete and adequate responses to Plaintiff's First Requests for Admissions and Plaintiff's First Requests for Production, produce all documents responsive to Plaintiff's First Requests for Production, and provide a privilege log with respect to any documents withheld from production on grounds of privilege. If we do not hear from you by close of business on Tuesday, November 27, 2007, we will seek appropriate relief from the Court.

Thank you for your anticipated cooperation.

Very truly yours,

*[signature]*

Gaye L. Huxoll


cc:   Courtney B. Wilson, Esq.


Firmwide:83597658.1 045444.2027