UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-20928-CIV-UNGARO/O'SULLIVAN

TEKSYSTEMS, INC.,

    Plaintiff,

vs.

TROY D. MIEDEMA, et al.,

    Defendants.
_____/



## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SIGNATURE CONSULTANTS, LLC

Plaintiff, TEKsystems, Inc., pursuant to Federal Rule of Civil Procedure 34, requests Defendant, Signature Consultants, LLC, to diligently search for and produce the documents requested in the following numbered paragraphs, for inspection and copying, at the law offices of Littler Mendelson, P.C., 2 South Biscayne Boulevard, One Biscayne Tower, Suite 1500, Miami, Florida 33131-1804, within thirty (30) days from the date of service of this Request, or on any earlier date as ordered by the Court or agreed to by and between Plaintiff and Defendant.

### Definitions

Unless otherwise stated, the following definitions apply to all of the requests:

A.    The term "document" shall mean all tangible things of every nature that contain information, including but not limited to correspondence, communications, writings of every kind, drawings, graphs, charts, agreements, contracts, analyses, appointment records, audio recordings (whether transcribed or not), bills, books, books of account, checks, computer cards, tapes, disks, diskettes, computer printouts, computer programs, diaries, drafts, records, financial statements, films, forms, handbooks, reports, invoices, itemizations, journals, licenses, manuals, maps, memoranda, minutes, notes (whether handwritten or otherwise), opinions, permits, photographs, plans, proofs, publications, receipts, recordings, reports, sketches, specifications, studies, summaries, tapes, telecopies, telegrams, telexes, other telecommunication materials,

Firmwide:82856390.1 045444.2027

video recordings, and all other data compilations from which information can be obtained or translated through detection devices or otherwise into reasonably usable form (including all such items in the possession, custody, or control of any of your affiliates, attorneys, accountants, insurers, officers, directors, employees, or agents, wherever located).

B.  "Person" means any individual, natural person, partnership, firm, association, organization, corporation, business trust, governmental or public entity, or its agents, employees, servants or other representatives.

C.  "Miedema" refers to Troy D. Miedema, the defendant in this action, his agents, attorneys, advisors, consultants, investigators, representatives of any kind, and any other person acting on his behalf or for his benefit, either directly or indirectly.

D.  "Lawlor" refers to Michael J. Lawlor, the defendant in this action, his agents, attorneys, advisors, consultants, investigators, representatives of any kind, and any other person acting on his behalf or for his benefit, either directly or indirectly.

E.  "Refer" or "relate to" means to make a statement about, discuss, describe, reflect, constitute, identify, deal with, consist of, establish, comprise, list, evidence, substantiate, or in any way pertain, in whole or in part, to the subject.

F.  "Plaintiff" or "TEKsystems" refers to TEKsystems, Inc., the plaintiff in this action, any affiliated entities, and any of its/their agents, employees, attorneys, or any other person acting on its/their behalf or for its/their benefit, either directly or indirectly.

G.  "You," "your," or "Signature Consultants" refers to Signature Consultants, LLC, the defendant in this action, any affiliated entities, and of its/their agents, employees, attorneys, or any other person acting on its/their behalf or for its/their benefit, either directly or indirectly.

H.  "Complaint" means the amended complaint filed in this action on May 11, 2007.

## Instructions

A.  Pursuant to Federal Rule of Civil Procedure 34(b), all documents must be produced as they are kept in the usual course of business or must be identified to correspond to the categories of documents requested below.

B.  If any documents requested below are withheld based on a claim that they are privileged or otherwise protected from disclosure, you are requested to furnish a list specifying each document for which the privilege is claimed, together with the following information, with respect to each such document:

(1) The date appearing on the document, or if no date appears, the date on which the document was prepared;

(2) the name(s) of the person(s) by whom the document was prepared and, if the document is signed, the name of each person who signed the document;

(3) the name of each person to whom the document is addressed;

(4) the name of each person, other than the addressee(s) identified in (3) above, to whom the document or a copy thereof, was sent or with whom the document was discussed;

(5) the name of the person or persons who currently have custody of the document;

(6) the specified ground(s) on which the claim of privilege rests;

(7) the paragraph or subparagraph of this request to which each document responds; and

(8) the general nature of the document, the number of pages of which it consists, and a sufficient description of the subject matter of the document (without disclosing its contents) to allow the court to rule on the claim of privilege.

Firmwide:82856390.1 045444.2027

C.  As to any request that is claimed to be overly broad or to seek irrelevant information, please indicate whether any responsive documents or subcategory of responsive documents are conceded to be discoverable, and identify the documents or subcategory of documents that will be produced as well as those that are being withheld.

D.  As to any request that is claimed to be unduly burdensome, expensive or oppressive, or to which a similar objection is asserted, please provide the following information:

(1)  The approximate number and/or volume of responsive documents;

(2)  The location and manner in which the documents are maintained;

(3)  Any particular or unusual burden or effort required to produce the responsive documents;

(4)  The estimated cost of producing responsive documents; and

(5)  Any other facts on which you rely in support of your claim that production of responsive documents is unduly burdensome, costly or difficult.

## DOCUMENTS TO BE PRODUCED

1. All correspondence, notes, memoranda, telephone message slips, e-mails, contracts, proposals, or documents of any type between you and any company that was a client of TEKsystems at any time from October 29, 2003 to December 6, 2005.

2. All memoranda, e-mails, correspondence, communications, notes, press releases, letters or any other documents that refer to, reflect, or relate to your formation, purpose and/or business activities during the period that it has employed Lawlor and/or Miedema.

3. All memoranda, e-mails, correspondence, communications, notes, letters or other documents that refer to, reflect or relate to the departure of Lawlor and/or Miedema from TEKsystems.

4. All correspondence, notes, memoranda, telephone message slips, e-mails, contracts, agreements or any other documents by and between you and the University of Miami or Lydian Data Services.

5. All notes, correspondence, memoranda, e-mails or any other documents that relate to, reflect, or refer to your pricing strategies, strategies, plans, projections, or efforts to solicit business or otherwise to market or provide technical or scientific staffing placement services to any company that was a client of TEKsystems at any time from October 29, 2003 to December 6, 2005.

6. All employment and/or consulting agreements between you and Miedema, and any correspondence, communications or materials relating thereto.

7. All employment and/or consulting agreements between you and Lawlor, and any correspondence, communications or materials relating thereto.

8. All documents that evidence, refer to or contain information about the strategies, plans, projections or efforts by you, or anyone acting on your behalf, to recruit or hire any current or former employees to TEKsystems to work for Signature Consultants.

9. All candidate databases currently maintained by you.

10. All documents relating to or reflecting the identity of TEKsystems' clients, including but not limited to internal employee contacts, client service agreements, consultant agreements, Road Books, AMS reports, bill rate information, burden sheets, TeamTrak information, Hot Books, submittal logs, and telephone interview sheets.

11. All documents relating to or reflecting any communications between you and Miedema prior to his becoming employed with Signature Consultants.

12. All documents relating to or reflecting any communications between you and Lawlor prior to his becoming employed with Signature Consultants.

- 5 -

13. All documents relating to or reflecting any communications with Miedema concerning his Employment Agreement with TEKsystems or any restrictions on his employment activities subsequent to his employment with TEKsystems.

14. All documents relating to or reflecting any communications with Lawlor concerning his Employment Agreement with TEKsystems or any restrictions on his employment activities subsequent to his employment with TEKsystems.

15. All documents relating to or reflecting Miedema's job duties, job descriptions, work performance, performance evaluations, goals, expectations, and incentives during his employment with Signature Consultants.

16. All documents relating to or reflecting Lawlor's job duties, job descriptions, work performance, performance evaluations, goals, expectations, and incentives during his employment with Signature Consultants.

17. All organizational charts or any other documents reflecting the reporting relationships of Miedema and/or Lawlor at Signature Consultants.

18. All documents relating to or reflecting Miedema's compensation as an employee of Signature Consultants, including but not limited to any but not limited to any compensation plans, commission plan, structure or arrangement, incentive programs, profit sharing plans, and bonus plans.

19. All documents relating to or reflecting Lawlor's compensation as an employee of Signature Consultants, including but not limited to any but not limited to any compensation plans, commission plan, structure or arrangement, incentive programs, profit sharing plans, and bonus plans.

20. All documents relating to, or reflecting any communications with, any individual who was a contract employee of TEKsystems at any time from October 29, 2003 to December 6, 2005.

21. All documents relating to or reflecting any communication between Signature Consultants and any present or former employee of TEKsystems at any time.

22. All documents, including but not limited to the curriculum vitae, relating to or reflecting the identity and qualifications of any expert that you intend to call to testify in this case, and any documents on which any such expert has relied or intends to rely in connection with the formation of his or her opinion, and any written report reflecting his or her opinion.

23. All documents relating to or reflecting the scope of the services and/or products that Signature Consultants provides.

24. All documents reflecting the revenues derived from the services and/or products that Signature Consultants provides.

Firmwide:82856390.1 045444.2027

25. All documents relating to or reflecting the rates that Signature Consultants charges its clients for the services and/or products that it provides, and the methods and processes by which Signature Consultants determines those rates.

26. All documents related to the allegations contained in your Seventh and Eighth Affirmative Defense that any damages suffered by TEKsystems were caused by TEKsystems' own acts or omissions, negligence, or malfeasance.

27. All documents related to the allegations contained in your Ninth Affirmative Defense that TEKsystems' claims are barred by the doctrine of unclean hands.

28. All documents related to the allegations contained in your Tenth Affirmative Defense that TEKsystems' damage were caused or exacerbated by any act, or failure to act, on the part of TEKsystems.

29. All documents related to the allegations contained in your Eleventh Affirmative Defense that TEKsystems has failed to mitigate its damages.

30. All documents related to the allegations contained in your Twelfth Affirmative Defense that TEKsystems failed to satisfy all conditions precedent to commencement of this suit.

31. All documents related to the allegations contained in your Thirteenth Affirmative Defense that the conduct alleged in the Amended Complaint was not the proximate cause of TEKsystems' injuries.

32. All documents related to the allegations contained in your Seventeenth Affirmative Defense that Defendants were privileged and/or economically justified to act in the manner alleged.

LITTLER MENDELSON P.C.
*Counsel for Plaintiff*
One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida 33131-1804
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

By: _____
Courtney B. Wilson
Florida Bar No. 614580
Email: cwilson@littler.com
Gaye L. Huxoll
Florida Bar No. 0149497
Email: ghuxoll@littler.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy hereof was hand-delivered this 13th day of August, 2007, to:

    Jenna Rassif, Esq.
    Jennifer M. Taylor, Esq.
    Akerman Senterfitt
    *Counsel for Defendants*
    1 S.E. 3rd Avenue, 28th Floor
    Miami, Florida 33131-1714

                                      */s/ Gaye L. Huxoll*
                                        Gaye L. Huxoll

Firmwide:82856390.1 045444.2027